UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GORDON BRUSH MFG. CO., INC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| –V– | ) |
| | ) |
| ALLSTAR MARKETING GROUP, LLC, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

Case No: 7:22-cv-05978 (KMK)

CASE MANAGEMENT AND
SCHEDULING ORDER

KENNETH M. KARAS, District Judge:

At the conference before the Court held on November 9, 2022 this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.       This case is to be tried to a jury.

2.       No additional parties may be joined except with leave of the Court.

3.       Amended pleadings may not be filed except with leave of the Court.

4.       Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., will be completed not later than November 8, 2022.

5.       All *fact* discovery is to be completed no later than _____ [a period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances].

**By Plaintiff**:  Plaintiff respectfully requests, with good cause shown, that the proposed discovery cutoff date be extended beyond four months, in accordance with the above schedule, because, in light of Defendant's overseas manufacturing facilities as well as overseas location of the Unauthorized Goods, the parties require additional time to conduct fact discovery, retain damages expert in regard to trademark damages and lost profits, and retain trademark experts to address the claims related to trademark infringement and unfair competition.  Plaintiff asks for a June 8, 2023 fact discovery deadline.

**By Defendant**:  Defendant objects only insofar as Plaintiff's argument for more time vaguely accuses Defendant of possessing unauthorized goods or manufacturing the same – which is expressly denied.  Defendant does not have custody or control over any unauthorized goods or manufacturers, whether foreign or domestic.  As such, Defendant cannot agree with Plaintiff's characterizations or join in Plaintiff's request.  With that said, Defendant does not object to Plaintiff's efforts to locate foreign infringers or infringing goods, as such efforts will only clarify that they do not originate from Defendant.

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above:

a.      Initial requests for production of documents to be served by December 8, 2022.

b.      Interrogatories to be served by December 8, 2022 and are not required to adhere to Local Civil Rule 33.3.

c.      Depositions to be completed by the fact discovery deadline set forth in paragraph 5 above.

i.      Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

ii.     There is no priority in deposition by reason of a party's status as plaintiff or defendant.

iii.    Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

d.      Requests to Admit to be served no later than 31 days prior to the fact discovery deadline set forth in paragraph 5 above.

7.      All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:

a.      Expert(s) of Plaintiff: Disclosure – August 22, 2023; Rebuttal – October 9, 2023; Completion – October 23, 2023.

        b.       Expert(s) of Defendant: Disclosure – September 22, 2023; Rebuttal – November 9, 2023; Completion – November 30, 2023.

8.       Motions:  All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.  Summary Judgment or other dispositive motions are due on or before January 23, 2024.  Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least two (2) weeks prior to this deadline.

9.       All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

10.     a.       Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

        b.       The parties do not request a settlement conference before a United States Magistrate Judge.

11.     a.       Counsel for the parties have discussed the use of the Court's Mediation Program.

        b.       The parties do not request that the case be referred to the Court's Mediation Program.

12.     a.       Counsel for the parties have discussed the use of a privately-retained mediator.

        b.       The parties do not intend to use a privately-retained mediator.

13.     The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P.  If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order.  Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14.     Parties have conferred and their present best estimate of the length of trial is 5 days.

**TO BE COMPLETED BY THE COURT:**

15.         [Other directions to the parties:]

**There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted.  Counsel may seek permission for extension of *interim* discovery deadlines from the magistrate judge to whom the case is referred.  Counsel may seek permission for an extension of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order only after consenting to allowing the magistrate judge to handle the case for all purposes.**

16.         The next Case Management Conference is scheduled for _____.

            The movant's pre-motion letter is due _____; The

            non-movant's response is due _____.

SO ORDERED.

DATED:      White Plains, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE