**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X
GORDON BRUSH MFG. CO., INC.,

                         Plaintiff,               Case No. 7:22-cv-05978-KMK-PED

      - v                                   ECF Case

ALLSTAR MARKETING GROUP, LLC

                         Defendant.
-------------------------------------------------------------------- X

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter, having come before the Court by stipulation of plaintiff GORDON BRUSH MFG. CO., INC., and defendant ALLSTAR MARKETING GROUP, LLC, (individually, "Party," and collectively, "Parties") for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.     This stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.     Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" either by designating by notation

on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3.      As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party designating a Document or Testimony as confidential, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information.  If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information.  If such motion is filed, the

documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.  Notwithstanding anything to the contrary in this stipulation, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5.      Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of the Parties who are engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f)   trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, below; and

(g)  any other person agreed to by the Producing Party.

6.      Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and request and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.      All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties.  At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9.      Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party or, as appropriate, non-party, may do so only after taking such steps, if any, that the Court, following a motion by the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10.     This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof.  Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party.  In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11.     A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege.  In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

**Electronic Filing**

12.

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on the ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing").  If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within the twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

(c) if the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system.  If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this Paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

**Outside of Electronic Filing**

13.     (a)     A Party or, as appropriate, non-party, who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall (i) serve upon the other Parties (and, as appropriate, non-parties) a Redacted Filing and complete and unredacted version of the filing; (ii) file a Redacted Filing with the court; and (iii) transmit the Redacted Filing and a complete unredacted version of the filing to chambers.  Within seven (7) days thereafter, the Producing Party may file a motion to seal such Confidential Informaiton.

(b) If the Producing Party does not file a motion to seal within the aforementioned seven (7) day period, the Party (or, as appropriate, non-party) that seeks to file the Confidential Information shall take steps to file an unredacted version of the material.

(c) In the event the motion to seal is granted, all (or, if directed by the court, portions of) deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a Party (or, as appropriate, non-party) as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases

or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container

on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL

MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND

EXCHANGE OF CONFIDENTIAL INFORMATION" as well as an indication of the nature of

the contents and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of Party or as appropriate, non-party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties.  Violation hereof may be regarded as contempt of the Court."

In the event the motion to seal is denied, then the Party (or, as appropriate, non-party) making the

filing shall take steps to replace the Redacted filing with its corresponding unredacted version.

(d) In the event that the Party's (or, as appropriate, non-party's) filing includes

Confidential Information produced by a Producing Party that is non-party, the Party (or, as

appropriate, non-party) making the filing shall so notify the Producing Party within twenty four

(24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted

Filing as well as a version of the filing with the relevant non-party's Confidential Information

unredacted.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any

documents which have previously been designated by a party as comprising or containing

Confidential Information shall identify such documents by the production number ascribed to them

at the time of production.

14.     Any person receiving Confidential Information shall not reveal or discuss such

information to or with any person not entitled to receive such information under the terms herof

and shall use reasonable measures to store and maintain the Confidential information so as to prevent unauthorized disclosure.

15.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.  Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential.  Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

18.     This Stipulation is entered without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules, Local Rules, Judge's Order or other applicable law.

19.     This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission

of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.  The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed.  In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

22.     If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a)

give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires.  Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23.     This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures

**CLAUSEN MILLER P.C.**

By: _____

Jacob R. Zissu
28 Liberty Street, 39th Floor
New York, New York 10005
(212) 805 3900
jzissu@clausen.com
*Attorneys for Defendant*
*Allstar Marketing Group LLC*

**HENDERSON, FRANKLIN, STARNES & HOLT, P.A.**

By: _____

Lee Rendeiro
1715 Monroe Street
Fort Meyers, FL 33901
(239) 344-1179
Lee.rendeiro@henlaw.com
*Attorneys for Plaintiff*
*Gordon Brush Mfg. Co., Inc.*

give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23.     This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures

**CLAUSEN MILLER P.C.**

By: _____
    Jacob R. Zissu
    28 Liberty Street, 39th Floor
    New York, New York 10005
    (212) 805 3900
    jzissu@clausen.com
    *Attorneys for Defendant*
    *Allstar Marketing Group LLC*

**HENDERSON, FRANKLIN, STARNES & HOLT, P.A.**

By: _____
    Lee Rendeiro
    1715 Monroe Street
    Fort Meyers, FL 33901
    (239) 344-1179
    Lee.rendeiro@henlaw.com
    *Attorneys for Plaintiff*
    *Gordon Brush Mfg. Co., Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 6/8/2023
       White Plains, New York

_____
VICTORIA REZNIK
United States Magistrate Judge

9047712.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X
GORDON BRUSH MFG. CO., INC.,

<table>
<tr><td>Plaintiff,</td><td>Case No. 7:22-cv-05978-KMK-PED</td></tr>
<tr><td>- v</td><td>ECF Case</td></tr>
</table>

ALLSTAR MARKETING GROUP, LLC

Defendant.
------------------------------------------------------------------- X

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "**Stipulation**") entered in the above-entitled action on_____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all of the provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9047712.1

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____          Signature: _____