**Clausen Miller** PC

CHICAGO, IL
NEW YORK
CALIFORNIA
NEW JERSEY
INDIANA
WISCONSIN
CONNECTICUT
FLORIDA
TEXAS

**CLAUSEN MILLER LLP**
LONDON, ENGLAND

**CMI** CLAUSEN MILLER INTERNATIONAL

Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS

*Attorneys at Law*

28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

June 16, 2023

**VIA ECF**

Hon. Victoria Reznik                    Re:    ***Gordon Brush Mfg. Co., Inc. v.***
U.S. District Court                              ***Allstar Marketing Group, LLC***
Southern District of New York              Case No: 7:22-cv-05978-KMK-VR

Dear Judge Reznik:

We represent Defendant Allstar Marketing Group, LLC in the above-referenced matter. Per your Honor's Order (Doc. No. 33) we write jointly with Plaintiff Gordon Brush Mfg. Co, Inc. to outline the current status of discovery disputes, including Plaintiff's Motion (Doc. No. 25), scheduling and settlement.

This suit was filed a little under a year ago, on July 13, 2022 (Doc. No. 1). Judge Karas' initial Case Management and Scheduling Order (Doc. No. 20) gave the parties until May 1, 2023 for fact discovery. On October 28, 2022 Defendant propounded its Interrogatories and First Requests For Production upon Plaintiff. On December 8, 2022, Plaintiff moved the Court to ratify its objections to Defendant's discovery demands (Doc. No. 25). Defendant's opposition to Plaintiff's motion includes exhibit spreadsheet comparisons of the individual requests, objections, and whether it could be determined whether discovery was actually provided (Doc. No. 26).

On January 2, 2023, Plaintiff submitted comments to Defendant following the spreadsheet format of Defendant's Exhibit in Doc. No. 26. (A true and accurate copy of these spreadsheets are enclosed for reference.) The parties were working together on a stipulation to narrow the disputes over Plaintiff's objections, but on March 7, 2023, Plaintiff informed Defendant that it would supplement its interrogatory responses and document productions instead. Thereafter, on April 7,

2023, Plaintiff supplemented its interrogatory responses for interrogatories 4, 5, 6, 9 and 10 by adding words to the effect of "Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Rule 33(d)." The objections and responses to Interrogatories 1-3, 7, 8, and 11-23 were not supplemented. (A true and accurate copy of Plaintiff's supplemental interrogatory response is enclosed for reference.)

Limited informal supplementation of documents was provided by Plaintiff through the end of April, however, none of Plaintiff's objections were withdrawn. During the April 26, 2023 Rule 30(b)(6) deposition of Plaintiff's President and CEO, Kenneth Rakusin, it was learned that responsive documents existed within Plaintiff's files; calls for production were made on the record, and also memorialized in a May 10, 2023 letter to Plaintiff, however, to date these calls have not been answered. Accordingly, outside of the terms of the February 11, 2023 stipulation proposal, Defendant cannot agree that Plaintiff's objections are properly made and accordingly, Defendant reserves the right to seek preclusion at trial of any documents that Plaintiff does not provide during discovery.

Turning to tangible physical evidence, Plaintiff has offered to allow Defendant to examine the items it intends to introduce at trial at Plaintiff's offices in Florida, but having chosen New York as their venue, it was Defendant's position that the evidence should be produced for examination in New York. As a compromise, if this evidence is allowed be examined during the expert discovery period (i.e., not limited to examination during the fact discovery period), Defendant's expert will travel to Florida to examine the same.

Although no motion is pending, on April 25, 2023, Plaintiff identified approximately 278 documents which had been redacted by Defendant on the basis of relevance, proprietary and trade

secret confidentiality (emails and spreadsheets containing data for other Allstar products that are not at issue in this suit). Subject to the June 9, 2023 Stipulation and Order for the Production and Exchange of Confidential Information, unredacted versions of these documents were produced by Defendant on June 12, 2023. Thereafter, on June 15, 2023, Plaintiff provided a list of approximately 783 additional bate-stamped pages for evaluation; Defendant will endeavor to do so as soon as possible.

Where scheduling is concerned, the Court recently granted Plaintiff's motion for extension (Doc. No. 30, Ordered at 11:03am on April 26, 2023). Defendant was not given the three (3) days specified in order to file its opposition to Plaintiff's unilateral motion language (Doc. No. 29, filed at 3:43pm on April 25, 2023), and Defendant does not agree with the representations made therein. With that said, the present discovery deadlines are as follows:

August 1, 2023 – Fact Discovery;
October 2, 2023 – Plaintiff's Expert Disclosure;
November 1, 2023 – Defendant's Expert Disclosure;
December 1, 2023 – Plaintiff's Expert Rebuttal;
January 2, 2024 – Defendant's Expert Rebuttal; and
January 16, 2024 – Plaintiff and Defendant's Expert Completion.

Outside of the Plaintiff's Motion, on June 6, 2023, Plaintiff noticed thirteen (13) depositions of Defendant's witnesses which have now been reduced by agreement of the parties to ten (10), however, due to mutual availability issues between now and August 1, 2023, the parties jointly request an additional 30 days beyond the present August 1, 2023 fact discovery deadline to complete fact depositions.

Which brings us to settlement: given the number of depositions and the prospect of expensive expert discovery that lays ahead for both parties, the parties agree that the best and possibly last chance to avoid full blown litigation may be a settlement conference with principals



at this time and ask for the Court's assistance in facilitating the same. Thank you for your consideration in this matter.

Respectfully submitted,

*/s/ Jacob R. Zissu*
Jacob R. Zissu
*Counsel for Defendant*
*Allstar Marketing Group, LLC*

Encls.

Cc:     ALL PARTIES IN INTEREST VIA ECF

Lee Rendeiro
*Counsel for Plaintiff*
*Gordon Brush Mfg. Co., Inc.*

| RFP | Seeking | Relevance | Objection | Documents Provided? | GB Comments |
|---|---|---|---|---|---|
| 1 | Documents referenced in Interrogatory Responses | The interrogatories seek information regarding Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent this Request seeks attorney-client privilege" would not be applicable as this request does not seek attorney-client privileged documents.) | Unclear; both the RFP objections and Interrogatory objections leave Allstar unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Suggest modifying request to specifically state non-privileged. |
| 2 | Documents re infringement allegations and damages | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. | Unclear; Plaintiff's production includes emails, photographs and Amazon.com listings such as those that appeared in its Complaint, but Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Plaintiff has not withheld any documents but reserves the right to do so as the review for documents is ongoing. |
| 3 | Plaintiff's statements re allegations in the Complaint | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. Attorneyclient and work-product. | No | Maintain objection. Plaintiff has not withheld any documents but reserves the right to do so as the review for documents is ongoing. |
| 4 | Defendant's statements re allegations in the Complaint | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar. |

| | | | | | |
|---|---|---|---|---|---|
| | | | this would be an unreasonable burden or expense. | | |
| 5 | Non-party statements re allegations in the Complaint | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents.  (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.)  Fails to specify how this would be an unreasonable burden or expense. | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar. |
| 6 | Documents re communications between Plaintiff and Allstar | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents.  (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.)  Fails to specify how this would be an unreasonable burden or expense. | Yes in part; numerous communications between Plaintiff and Allstar have been produced, but it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |

| | | | | |
|---|---|---|---|---|
| 7 | Documents re communications between Plaintiff and Allstar more specific to licensing of trademarks and allegations of the Complaint | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Yes in part; numerous communications between Plaintiff and Allstar have been produced, but it is unclear what has been withheld or whether the production is fully responsive | Amend objection to remove attorney-client or work-product objection. Documents and things are publically available or equally available to Allstar, such as emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |
| 8 | Documents re sales, profits, royalties, sellers, resellers, other licensing agreements and alleged infringement of Plaintiff's trade dress | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc*., 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 9 | Withdrawn as redundant of Request 7. | | | | NA |

| 10 | Documents reflecting the identity of witnesses, permitted users, licensing of the trademarks and allegations of the Complaint | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Unclear; Plaintiff's production does not include the identity of any permitted users or licensors outside of Allstar, thus Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc*., 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages<br><br>Plaintiff identified -- in its response to Allstar's ROG #3, that Allstar was the only licensee. Furthermore, Gordon in this instance is the only licensor.<br><br>Suggest modifying request to specifically state non-privileged. |
| 11 | Documents identifying persons involved in the sales, advertising, marketing, promotions, business strategy and business planning for products offered under Plaintiff's trademark | Plaintiff's damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc*., 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 12 | Documents re modifications to Plaintiff's Trademark | Plaintiff's allegations, including whether Plaintiff can meet its burden to prove nonfunctionality - an averment expressly denied three times by Allstar in Answer to Plaintiff's Complaint; also relevant to Allstar's defenses against the allegations. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. State that Plaintiff is unaware of any documents responsive to this request. |

| 13 | Documents re Plaintiff's first use of its trademark in advertising, promotion or marketing of any products or services | Plaintiff's damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 14 | Documents re Defendant's alleged continued manufacture or sale | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as Amazon listings showing the Unauthorized Goods and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>However, Plaintiff provided documents marked with bates nos. 40859-5.00011 thru 40859-5.00026 that was accessed on April 15, 2022, and 40859-5.00104 thru 40859-5.00xxx that was accessed on October 4, 2021, each of these demonstrating that Defendant continued its offer for sale after termination of the Trade Dress Agreement.<br><br>Suggest modifying request to specifically state non-privileged. |

| 15 | Documents re Defendant's alleged failure to destroy tools dyes, and casts | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.)  Fails to specify how this would be an unreasonable burden or expense.  (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Documents showing destruction of tools, dyes and casts were provided, but no documents showing that Allstar failed to destroy have been provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as Amazon listings showing the Unauthorized Goods and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |
| 16 | Documents re channels through which Plaintiff advertises | Plaintiff's allegations and damages, including allegation 14 of the Complaint; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 17 | Documents related to advertising, marketing, public relations and promotional agencies engaged to advertise products under Plaintiff's trademark | Plaintiff's allegations and damages, including allegation 14 of the Complaint; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |

| # | | | | | |
|---|---|---|---|---|---|
| 18 | Documents regarding location, stores, outlet where Plaintiff's good is offered, sold, etc. | Plaintiff's allegations and damages, including allegation 14 of the Complaint; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 19 | Documents supporting allegation 14 of the Complaint re Plaintiff's promotion and marketing | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages |
| 20 | Documents regarding alleged collusion between Allstar and unauthorized sellers | Plaintiff's theory of the case; also relevant to Allstar's defenses against the allegations. | Premature. | No | Maintain objection. Plaintiff's complaint does not contain a count for collusion. |
| 21 | Documents relating to allegation 26 of the Complaint re the source of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek | Unclear; Plaintiff's production includes Amazon.com listings such as those that appeared in its Complaint, but Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Suggest modifying request to specifically state non-privileged. |

| | | | attorney-client or work product information.) | | |
|---|---|---|---|---|---|
| 22 | Documents relating to allegation 27 of the Complaint re the packaging of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Unclear; Plaintiff's production includes pictures of goods/packaging that does not emanate from Allstar such as those that appeared in its Complaint, but Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Documents from an expert will be provided as documents become available.

Suggest modifying request to specifically state non-privileged. |

| 23 | Documents relating to allegation 29 of the Complaint re appearance of unauthorized goods in comparison to Allstar's goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Unclear; Plaintiff's production includes pictures of goods that do not emanate from Allstar such as those that appeared in its Complaint, but Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Documents from any expert will be provided as documents become available and due pursuant to the CMSO.

Suggest modifying request to specifically state non-privileged. |
| 24 | Documents relating to allegations 31, 43 and 80 of the Complaint re the source of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek | Unclear; Plaintiff's production includes Amazon.com listings such as those that appeared in its Complaint, but Allstar is unable to tell what has been withheld or whether the production is fully responsive to its request | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Documents from any expert will be provided as documents become available and due pursuant to the CMSO.

Suggest modifying request to specifically state non-privileged. |

| | | | attorney-client or work product information.) | | |
|---|---|---|---|---|---|
| 25 | Documents relating to allegations 34, 46 and 60 of the Complaint regarding non-functionality of the trademark | Plaintiff's allegations, including whether Plaintiff can meet its burden to prove nonfunctionality - an averment expressly denied three times by Allstar in Answer to Plaintiff's Complaint; also relevant to Allstar's defenses against the allegations. | Overbroad and seeks documents not relevant nor "likely to lead to the discovery of admissible evidence". Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement. |
| 26 | Documents relating to allegations 41, 54, 67 78 and 83 of the Complaint regarding damages | Plaintiff's damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publicly or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Suggest modifying request to specifically state non-privileged. |

| | | | | |
|---|---|---|---|---|
| | | not be applicable as this request does not seek attorney-client or work product information.) | | |
| 27 | Documents relating to allegation 53 of the Complaint re Allstar's state of mind/intent | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations and any enhanced damages sought by Plaintiff. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |

| | | | | |
|---|---|---|---|---|
| 28 | Documents relating to allegation 57 of the Complaint re Allstar's alleged provision of tools and materials to a Chinese supplier | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Documents showing the manufacturers' destruction of authorized tools, dyes and casts were provided, but no documents showing that Allstar provided tools or materials to infringers has been provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Suggest modifying request to specifically state non-privileged. |
| 29 | Documents relating to allegation 58 of the Complaint re Defendant's state of mind/awareness of Chinese suppliers' propensity to produce infringing goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations and any enhanced damages sought by Plaintiff. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc*., 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |

| | | | attorney-client or work product information.) | | |
|---|---|---|---|---|---|
| 30 | Documents relating to allegation 59 of the Complaint re use of Allstar's tools and mateials in production of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Suggest modifying request to specifically state non-privileged. |

| 31 | Documents relating to allegation 72 of the Complaint re takedown notice filed with Amazon.com | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Certain takedown documents were provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Suggest modifying request to specifically state non-privileged. |
| 32 | Documents relating to allegation 75 of the Complaint re takedown notice filed with Amazon.com | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek | Certain takedown documents were provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Suggest modifying request to specifically state non-privileged. |

| | | attorney-client or work product information.) | | |
|---|---|---|---|---|
| | | | | |

| 33 | Documents relating to allegation 77 of the Complaint re units not shown on royalty reports | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Certain royalty reports were provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Suggest modifying request to specifically state non-privileged. |

| | | | | |
|---|---|---|---|---|
| 34 | Documents relating to royalty reports | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Certain royalty reports were provided; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |
| 35 | Documents concerning when and how Plaintiff became aware of Allstar's alleged infringement | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Suggest modifying request to specifically state non-privileged. |

| | | | | | |
|---|---|---|---|---|---|
| | | | request does not seek attorney-client or work product information.) | | |
| 36 | Documents concerning purchases by Malfal outside the time period authorized by the Trade Dress Licensing Agreement | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | No | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Suggest modifying request to specifically state non-privileged. |

| | | | | |
|---|---|---|---|---|
| 37 | Documents concerning the transfer of rights in the Fresh Feet mark to Plaintiff | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorney-client or work product information.) | Certain communications and drafts were provided and Plaintiff's counsel has separately clarified its position that the rights were not transferred to Plaintiff; it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.

Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.

Suggest modifying request to specifically state non-privileged.

Furthermore, this request is not relevant to the extent that the FRESH FEET trademark is not the subject of the current suit. |
| 38 | Expert disclosure documents | This request was made for posterity in the event that Plaintiff failed to disclose the same in the future; no ruling is sought on the objection that disclosure is premature. | | | |
| 39 | Expert disclosure documents | This request was made for posterity in the event that Plaintiff failed to disclose the same in the future; no ruling is sought on the objection that disclosure is premature. | | | |
| 40 | Expert disclosure documents | This request was made for posterity in the event that Plaintiff failed to disclose the same in the future; no ruling is sought on the objection that disclosure is premature. | | | |

| 41 | Production of tangible things, including the allegedly infringing goods | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Use of the word "all" to describe documents. (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as this request seeks physical things not documents.) Fails to specify how this would be an unreasonable burden or expense. (That part of the objection which is "to the extent" this Request seeks attorney-client or work product information would not be applicable as this request does not seek attorneyclient or work product information.) | No | Maintain objection in part; however, will remove attorney-client or work product information.<br><br>Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon.<br><br>We may arrange for a video review of the EMOLY product.<br><br>Counsel may obtain infringing goods via Amazon:<br><br>BESKAR: Amazon Link<br>MARS WELLNESS: Amazon Link |
| 42 | Documents to be introduced at trial | This request was made for posterity in the event that Plaintiff failed to disclose the same in the future; no ruling is sought on the objection that disclosure is premature. | | | |

| ROG | Seeking | Relevance | Objection | Interrogatory Answered? | GB Comments |
|---|---|---|---|---|---|
| 1 | Identity of those in possession of documents or knowledge of the facts alleged in Plaintiff's Complaint | The interrogatories seek information regarding the source of Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Premature. | Yes | Maintain objection. |
| 2 | Identification of goods and services offered for sale under Plaintiff's trademark | No objection interposed and no ruling sought on this interrogatory | | Yes | NA |
| 3 | Identity of licensees and permitted users of Plaintiff's trademark | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages, lack of confusion in the marketplace, and potential other sources of tools, dies and materials used to produce infringing goods. | Relevance ("nor likely to lead to the discovery of admissible evidence"). (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. | No | Maintain objection. Documents and things are publically available or equally available to Allstar as Allstar was a licensee an in possession of all information sought by this request.<br><br>Furthermore, Plaintiff specifically stated in its response that Allstar was the only licensee and permitted user. |
| 4 | Unit count, sales amounts and advertising expenses for goods and services in relation to Plaintiff's trademarks identified in Interrogatory No. 2. | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance ("nor likely to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 5 | Identity of channels through which Plaintiff markets and advertises | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance ("nor likely to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |

| | | | | ownership of Plaintiff's trademark. | | |
|---|---|---|---|---|---|---|
| 6 | Identity of other individuals or entities Plaintiff has accused of infringing its trademark | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages and/or a potential true source of the infringing goods at issue in this suit. | Relevance ("nor likely to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Furthermore, Defendant has been put on notice of the Unauthorized Goods subject of Plaintiff's Complaint. |

| 7 | Identity of all other agreements concerning the Plaintiff's trade dress | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages, lack of confusion in the marketplace, and potential other sources of tools, dies and materials used to produce infringing goods. | Relevance ("nor likely to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages.<br><br>Furthermore, Plaintiff provided documents bates stamped as 40859-5.00821 thru 40859-5.00832. |

| | | | | |
|---|---|---|---|---|
| 8 | Identity of communications concerning Allstar, Allstar's trademark or Allstar's product and confusion alleged | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages, lack of confusion in the marketplace, and potential other sources of tools, dies and materials used to produce infringing goods. | Attorney-client and work product. Relevance ("nor likely to to lead to the discovery of admissible evidence"). (The separate objection "to the extent" this Request seeks publicly/equally available documents would not be applicable as the documents sought are not generally understood to be publically or equally available to Allstar without identification of the same.) Fails to specify how this would be an unreasonable burden or expense. Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | Unclear. Plaintiff says it will produce business records under Rule 33, and numerous communications have been produced, but it is unclear what has been withheld or whether the production is fully responsive | Maintain objection. Documents and things are publically available or equally available to Allstar, such as instances of the Unauthorized Goods being sold on Amazon and emails to/from Allstar.<br><br>Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 9 | Identity of channels through which Plaintiff sells its product | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance ("nor likely to to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 10 | Specifics, including dates, of sales through the channels described in Interrogatory No. 9 | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance ("nor likely to to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 11 | Facts regarding alleged collusion between Allstar and unauthorized sellers | Plaintiff's theory of the case; also relevant to Allstar's defenses against the allegations. | Premature. | No | Maintain objection. Plaintiff's complaint does not contain a count for collusion. |

| 12 | Facts supporting allegation 14 of the Complaint re Plaintiff's promotion and marketing | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance ("nor likely to to lead to the discovery of admissible evidence"). Objects on the basis of Plaintiff's interpretation of the Trade Dress Licensing Agreement with regard to challenging ownership of Plaintiff's trademark. | No | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 13 | Facts supporting allegation 26 of the Complaint re the source of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Overly broad. Premature. | Yes | Maintain objection. |
| 14 | Facts supporting allegation 27 of the Complaint re the packaging of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Overly broad. Premature. | Incorporates Response No. 13 | Maintain objection. |
| 15 | Source of photographs in Paragraph 27 of the Complaint | No objection interposed and no ruling sought on this interrogatory | | Yes | NA |
| 16 | Facts supporting allegation 29 of the Complaint re appearance of unauthorized goods in comparison to Allstar's goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overly broad. Premature. | Incorporates Response No. 13 | Maintain objection. |
| 17 | Facts supporting allegations 31, 43 and 80 of the Complaint re the source of unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Overly broad. Premature. | Incorporates Response No. 13 | Maintain objection. |
| 18 | Identification of lost profits, sales, royalties or fees | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance. Overly broad. Premature. | No. The answer given is unresponsive to the interrogatory posed | Maintain objection. Not relevant at least in part pursuant to sections 1(d) - (g) of the Trade Dress Agreement.<br><br>Plaintiff is not required to show its damages as an award of Defendant's profits has been requested and is appropriate in trademark infringement suits. See *Romag Fasteners, Inc v. Fossil, Inc.*, 206 L. Ed. 2d 672, 140 S. Ct. 1492 (2020). Therefore, Allstar's request is not relevant to damages. |
| 19 | Facts supporting allegation that Defendant provided tools and materials to a Chinese supplier | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Premature. | No. The answer given is unresponsive to the interrogatory posed | Maintain objection. Plaintiff has provided a responsive answer demonstrating that Defendant's tools had the capacity to produce the Unauthorized Goods. |

| 20 | Facts supporting allegation that Allstar's tools and materials were used to make the unauthorized goods | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations. | Premature. | Incorporates Response No. 13, 17 and 19 | Maintain objection. |
|----|---|---|---|---|---|
| 21 | Facts re production of goods after termination of Trade Dress Licensing Agreement | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Relevance. | No. The answer given is unresponsive to the interrogatory posed | Maintain objection. Subject to and without waiving the foregoing objection, Gordon states that all unauthorized goods produced prior to, during, and after termination of the Trade Dress Licensing Agreement were not permitted to use the '310 Trade Dress. When the unauthorized goods were produced has no bearing in this matter. |
| 22 | Facts supporting allegation that Allstar failed to destroy tools or materials at the termination of the Trade Dress Licensing Agreement | Plaintiff's allegations; also relevant to Allstar's defenses against the allegations. | Premature. | No. The answer given is unresponsive to the interrogatory posed | Maintain objection. When the unauthorized goods were produced has no bearing in this matter. |

| 23 | Identity of all instances of infringement giving rise to the allegations in this action by date, seller and trade channel | Plaintiff's allegations and damages; also relevant to Allstar's defenses against the allegations, including potentially a lack of damages. | Overly broad. Premature. | Yes | Maintain objection. |
|----|---|---|---|---|---|
| 24 | Identity of witnesses for trial. | This request was made for posterity in the event that Plaintiff failed to disclose the same in the future; no ruling is sought on the objection that disclosure is premature. | | | NA |
| 25 | Identity of person who provided answers to the Interrogatories | No objection interposed and no ruling sought on this interrogatory | | Yes | NA |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| GORDON BRUSH MFG. CO., INC, | ) | Case No: 7:22-cv-05978 (KMK) |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| –V- | ) |  |
|  | ) |  |
| ALLSTAR MARKETING GROUP, LLC, | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

GORDON BRUSH MFG. CO., INC, ("Plaintiff" or "Gordon"), through the undersigned,

hereby responds and objects to the First Set of Interrogatories, Nos. 1-25 of Defendant,

ALLSTAR MARKETING GROUP, LLC ("Defendant" or "Allstar"), dated October 28, 2022

("Interrogatories"), as follows:

### REMARKS

1. Gordon's answers are based on its reasonable inquiries and the information known to it as

of the date of these responses. Gordon's responses, therefore, are not intended to be, nor shall be

deemed to be, a representation that no other facts or contentions other than those specified in the

responses do or do not exist. Discovery and other investigation or research concerning this action

is continuing. Gordon reserves the right, therefore, to amend or supplement its responses upon

Gordon's investigation and acquisition of information which it did not possess at this time.

2.   Inadvertent disclosure of privileged information by Gordon shall not constitute a waiver of any applicable privilege nor shall the production of any information or document be construed as a waiver of any objection to admissibility. Gordon's response to any particular request shall not be construed as an acknowledgement or representation by Gordon that any information responsive to that request exists.

3.   Gordon's response to any request is not a waiver of its objections or its right to object to any additional, supplemental, or further request, or any part thereof.

4.   Gordon's responses and objections are made without waiving or intending to waive, and on the contrary intending to preserve and preserving:

a.   All questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose in any aspect of this proceeding or any other action or judicial or administrative proceeding or investigation;

b.   The right to object on any ground to the use of any information, document, or thing, or the subject matter thereof, in any aspect of this proceeding or any other proceeding or judicial or administrative proceeding or investigation;

c.   The right to object at any time for any further response to this or any other interrogatory; and

d.   The right at any time to supplement any response.

## OBJECTIONS TO DEFINITIONS

5.   Gordon objects to the Definitions to the extent that each is either redundant to or impermissibly broadens the definitions as provided in Local Rule 26.3. Specifically Gordon objects to Definitions B, and D-M for being redundant to or broader than the definitions as

provided in Local Rule 26.3. Gordon will respond to Allstar's Interrogatories based on the

definitions provided by Local Rule 26.3.

6.  Gordon objects to Definition C for being unintelligible as the definition provides that it

applies to a request for production.

7.  Gordon object to Definition P for using a legal conclusion to define the "FRESH FEET"

mark.

## RESPONSES

**INTERROGATORY NO. 1:**
To your knowledge, identify all individuals and/or entities in possession, custody or control of
documentation, electronically stored information or knowledge relating to the facts alleged in
Plaintiff's Complaint, specifying the facts on which each individual or entity so identified is
believed to possess knowledge.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being premature as additional individuals
and/or entities in possession, custody or control of documentation, electronically stored
information or knowledge relating to the facts alleged in Plaintiff's Complaint may be
discovered through Discovery.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the
above Remarks and Objections to Definitions, stating as follows:

To Gordon's knowledge, the following individuals are in possession, custody or control of
documentation, electronically stored information or knowledge relating to the facts alleged in
Plaintiff's Complaint, specifically, averments 15-29:

Scott Boilen
Allstar Marketing Group, LLC
Chief Executive Officer
2 Skyline Drive
Hawthorne, NY 10532
(914) 347-7827

Jennifer DeMarco
Allstar Marketing Group, LLC
General Counsel
2 Skyline Drive
Hawthorne, NY 10532

(914) 347-7827

To Gordon's knowledge, the following individual is in possession, custody or control of documentation, electronically stored information or knowledge relating to the facts alleged in Plaintiff's Complaint, specifically, averments 15-22:

Don Besheda
Beshada Farnese LLP
108 Wanaque Avenue
Pompton Lakes, New Jersey 07444
(973) 831-9910

To Gordon's knowledge, following entities are in possession, custody or control of documentation, electronically stored information or knowledge relating to the facts alleged in Plaintiff's Complaint, specifically, averments 16 and 26-29:

Representatives for Ninghai Chuangmei Mould Co. Ltd.
Fanjia Village, Yuelong Street
Ninghai County
Ningbo, Zhejiang, China
Tel – TBD

Representatives for VSTART
Dong Guan, China
Tel – TBD

Representatives for Taizhou Sunup Tech Co. Ltd.
No. 101 Shiyuan Road
Huangyan District
Taizhou City, Zhejiang, China

Representatives for Taizhou Huangyan Dezhou Trading Co. Ltd.
Address and tel – TBD

Representatives for Ningbo Z.K.L.S. Imp. & Exp. Co. Ltd.
Address and tel – TBD

Representatives for Kaiser International Trading Co. Ltd.
Address and tel – TBD

Representatives for Ningbo Longhang Plastic Co. Ltd.
No. 1338 Jiaochuan Road
Zhenhai, Ningbo, China

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

To Gordon's knowledge, following individuals are in possession, custody or control of documentation, electronically stored information or knowledge relating to the facts alleged in Plaintiff's Complaint, specifically, averments 12-29:

Alan Schechter
12408 N 52nd St.
Temple Terrace, FL 33617

Kenneth Rakusin
Gordon Brush Mfg. Co., Inc. – President
3737 Capitol Avenue
City of Industry, CA 90601
(323)724-7777


**INTERROGATORY NO. 2:**
To your knowledge, identify, describe, and set forth each and every type of good and/or service that was ever sold or offered for sale under the '310 Trade Dress/Plaintiff's Trademark.

**RESPONSE:**
Gordon states that the FootMate® System, Part #'s:
- FM-Blue (https://www.footmate.com/product/the-footmate-system-blue-teal/)
- FM-White (https://www.footmate.com/product/the-footmate-system-white-gray/)
- FM-WB (https://www.footmate.com/product/the-footmate-system-white-teal/)
- FM-Pink (https://www.footmate.com/product/the-footmate-system-pink/)
- FM-Blue Bundle (https://www.footmate.com/product/the-footmate-system-blue-teal-bundle/)
- FM-White Bundle (https://www.footmate.com/product/the-footmate-system-white-gray-bundle/)
- FM-WB Bundle (https://www.footmate.com/product/the-footmate-system-white-teal-bundle/)
- FM-Pink Bundle (https://www.footmate.com/product/the-footmate-system-pink-bundle/)
- FootMate® Custom Color (https://www.footmate.com/custom-colors.php) are exclusive to customers:
  - FM-Tan/Brown on Beige; sold by Zquared
  - FM-Electric Blue/White on Blue; sold by Peter Louis Beauty and Wellness & Love Care Health
  - FM-Electric Blue/Ultramarine Blue on Blue; sold by Peter Louis Beauty and Wellness & Love Care Health
  - FM-Electric Blue/Ultramarine Blue on White; sold by Peter Louis Beauty and Wellness & Love Care Health

The product as allowed by and shown in the Trade Dress Licensing Agreement executed between Gordon and Allstar.

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

**INTERROGATORY NO. 3:**

For each of the type of goods and/or services identified in response to Interrogatory No. 2, set forth and identify all licensees and/or permitted users of the '310 Trade Dress/Plaintiff's Trademark, including for each:

    a. the year in which such licensee or permitted user began using the '310 Trade Dress/Plaintiff's Trademark;

    b. the unit count or per service measure of the '310 Trade Dress/Plaintiff's Trademark goods and/or services by year;

    c. dollar amount of any royalties or fees owed in relation to the '310 Trade Dress/Plaintiff's Trademark by year;

    d. dollar amount of any royalties or fees paid in relation to the '310 Trade Dress/Plaintiff's Trademark by year;

    e. advertising expenses by year in relation to the '310 Trade Dress/Plaintiff's Trademark.

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent the foregoing interrogatory seeks information or documents that are equally available to Allstar, already in the possession, custody, or control of Allstar, and/or may be obtained more readily by them and without subjecting Gordon to unreasonable burden and expense.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Allstar, pursuant to the Trade Dress Licensing Agreement, was the only licensee and permitted user.

**INTERROGATORY NO. 4:**

For each of the type of goods and/or services identified in Interrogatory No. 2, set forth Plaintiff's own:

    a. unit count or per service measure of the '310 Trade Dress/Plaintiff's Trademark goods/services sold;

    b. dollar amount of annual sales of the '310 Trade Dress/Plaintiff's Trademark goods and/or services;

    c. dollar amount of annual advertising expenses in relation to the '310 Trade Dress/Plaintiff's Trademark; [sic].

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 5:**
Identify, describe and/or set forth each and every channel through which Plaintiff markets, advertises and/or promotes its goods and/or services under the '310 Trade Dress/Plaintiff's Trademark, including, but not limited to, the names of specific newspapers, magazines, trade journals, periodicals, internet, social media, television, or other media in which Plaintiff has advertised its goods and/or services under the '310 Trade Dress/Plaintiff's Trademark.

**RESPONSE:**
Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 6:**
Identify all other individuals and/or entities who Plaintiff, its agents, servants, employees, or representatives, have now or in the past accused of infringing Plaintiff's '310 Trademark.

**RESPONSE:**
Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 7:**
Identify, describe, and set forth each and every written or oral agreement concerning the '310 Trade Dress/Plaintiff's Trademark including, without limitation, all licenses, sublicenses, assignments, co-existence agreements, settlement agreements, partnership agreements, and joint venture agreements.

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 8:**

Identify, describe, and set forth each and every communication in your possession, custody, or control, concerning Defendant, Defendant's Trademark, or Defendant's products, including, without limitation, Defendant's rights in Defendant's Trademark, the distinctiveness of Defendant's Trademark and/or any confusion you allege in relation to the '310 Trade Dress/Plaintiff's Trademark.

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information protected from disclosure by virtue of the attorney-client privilege and work product doctrine, and to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that it seeks information that is equally available to Allstar, already in the possession, custody, or control of Allstar, and/or may be obtained more readily by them and without subjecting Gordon to unreasonable burden and expense, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 9:**

To your knowledge, identify, describe, and set forth each and every trade channel through which your '310 Trade Dress/Plaintiff's Trademark products have been sold, including, but not limited to:

    a.   retail stores;
    b.   wholesale outlets;
    c.   internet websites;
    d.   direct mail operations;
    e.   indirect mail operations;
    f.   other trade channels.

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).


**INTERROGATORY NO. 10:**

For each of the trade channels described in Interrogatory no. 9 above:

    a. identify, describe, and set forth your contracts or agreements with all individuals and/or entities within such trade channel;

    b. specify the date range during which your '310 Trade Dress/Plaintiff's Trademark products were sold;

    c. identify which trade channels are currently selling your '310 Trade Dress/Plaintiff's Trademark products.

**RESPONSE:**

Gordon objects to the foregoing interrogatory to the extent that it seeks information not relevant to any claim or defense nor likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).


**INTERROGATORY NO. 11:**

Do you contend that Defendant colluded with any unauthorized seller(s) of '310 Trade Dress/Plaintiff's Trademark product(s)? If so, set forth each and every fact which you rely upon in support of such contention, and identify the source of each such fact with specificity.

**RESPONSE:**

Gordon objects to the foregoing interrogatory for being premature to the extent that the Parties have not yet concluded Discovery.

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that its averments in the Complaint speak for themselves.

**INTERROGATORY NO. 12:**
Set forth each and every fact which you rely upon in support of the contentions in Paragraph 14 of your Complaint (your investment in promoting the '310 Trade Dress and the goodwill accrued thereunder), and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory to the extent that it seeks information not likely to lead to the discovery of admissible evidence, and to the extent that – pursuant to § 1(d) of the Trade Dress Licensing Agreement – Allstar may not challenge the validity of Gordon's ownership of the '310 Trade Dress, Gordon's right to license the '310 Trade Dress, or the '310 Trade Dress Registration.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that Gordon will produce business records pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13:**
Set forth each and every fact which you rely upon in support of the contentions in Paragraph 26 of your Complaint (that "the Unauthorized goods and Defendant's goods came from the same source"), and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being overly broad and premature to the extent that the Parties have not yet concluded Discovery and Expert reviews.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that the Beskar – one unauthorized good – product packaging contains graphics, illustrations and verbiage that are identical to the Allstar packaging with the exception of 'BESKAR FOOT CARE" being used in place of "FRESH FEET" and the Emoly – another unauthorized good – product includes a user manual that includes the FRESH FEET Mark, a copyright notice stating 2018 APG, and a notification that FRESH FEET is a trademark of APG. Furthermore, the unauthorized goods have the same stingray shape, bristle pattern, trim pattern, are the same size, contain the same molding configurations, include a notch or slit at the top, include suction cups being arranged in the same pattern, include the same style hanging cord, and – in the case of the Emoly product – includes the FRESH FEET Mark on the molded component in the same location as the Allstar product.

**INTERROGATORY NO. 14:**

Set forth each and every fact which you rely upon in support of the contentions in Paragraph 27 of your Complaint (that "the packaging of the Beskar Product and Defendant's Goods emanate from the same source"), and identify the source of each such fact with specificity.

**RESPONSE:**

Gordon objects to the foregoing interrogatory for being overly broad and premature to the extent that the Parties have not yet concluded Discovery and Expert reviews.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states to refer to its response to Interrogatory No. 13.

**INTERROGATORY NO. 15:**

Identify the source of the photographs in paragraph 27 of your Complaint (the alleged packaging) including:
   a) who took the photographs; and
   b) when the photographs were taken.
If you are without knowledge regarding when the photographs were taken, state so.

**RESPONSE:**

Gordon states that pursuant to its direction, Leon G. Rendeiro Jr. took the photographs on April 6, 2021.

**INTERROGATORY NO. 16:**

Set forth each and every fact which you rely upon in support of the contentions in Paragraph 29 of your Complaint (that "Defendant's Goods and the Unauthorized Goods appear to be the same"), and identify the source of each such fact with specificity.

**RESPONSE:**

Gordon objects to the foregoing interrogatory for being overly broad and premature to the extent that the Parties have not yet concluded Discovery and Expert reviews.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states to refer to its response to Interrogatory No. 13.

**INTERROGATORY NO. 17:**

Set forth each and every fact which you rely upon in support of the contentions in Paragraphs 31, 43 and 80 of your Complaint (that "Upon information and belief, Defendant is the source of the Unauthorized Goods"), and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being overly broad and premature to the extent that the Parties have not yet concluded Discovery and Expert reviews.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states to refer to its response to Interrogatory No. 13.

**INTERROGATORY NO. 18:**
Identify, describe, and set forth each and every factual basis for your alleged damages, including but not limited to:
   a.  lost retail profits;
   b.  lost wholesale profits;
   c.  lost profits from direct sales
   d.  lost profits from internet sales;
   e.  any lost royalties or fees.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being not relevant to the extent that Gordon is entitled to disgorgement of profits, and for being overly broad and premature to the extent that the Parties have not yet concluded Discovery.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that based upon Defendant's 2019 reported sales of $2.2MM that damages owed to Gordon are at least $39.6MM exclusive of any allowable deductions and states that this damages assessment pertains to the Beskar and Emoly products only – two products * three years * $2.2MM/year * treble counterfeit damages.

**INTERROGATORY NO. 19:**
Do you contend that Defendant provided tools and materials to a Chinese supplier to produce Defendant's goods after the termination of the Trade Dress Licensing Agreement?  (See, Paragraph 57 of your Complaint.)  If so, set forth each and every fact which you rely upon in support of such contention, and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being premature to the extent that the Parties have not yet concluded Discovery.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states that unauthorized goods were available prior to, during, and after termination of the Trade Dress Licensing Agreement. Gordon further states that Defendant – during the first half of 2019 – manufactured/sold 23,760 units/month of goods authorized by the Trade Dress Licensing Agreement. From June 1, 2019 through its

reported date of tool destruction of June 2021, Defendant reported a total of 3,799 units/month being manufactured/sold of same goods. Gordon asserts that the number of unauthorized goods – based upon performance records provided by Allstar – to exceed 479,000 units.

**INTERROGATORY NO. 20:**
Do you contend that Defendant's tools and materials were used to produce any unauthorized goods? (See, Paragraph 59 of your Complaint.) If so, set forth each and every fact which you rely upon in support of such contention, and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being premature to the extent that the Parties have not yet concluded Discovery.

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states to refer to its responses to Interrogatories 13, 17 and 19.

**INTERROGATORY NO. 21:**
For each of the unauthorized goods identified in your response to Interrogatory No. 20, set forth each and every fact which leads you to believe that such goods were produced after the termination of the Trade Dress Licensing Agreement, and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory to the extent that it is not relevant when the unauthorized goods were produced as the Trade Dress Licensing Agreement did not authorize the use of the '310 Trade Dress with the unauthorized goods.

Subject to and without waiving the foregoing objection, Gordon states that all unauthorized goods produced prior to, during, and after termination of the Trade Dress Licensing Agreement were not permitted to use the '310 Trade Dress.

**INTERROGATORY NO. 22:**
Do you contend that Defendant's supplier failed to destroy any tools or materials at the termination of the Trade Dress Licensing Agreement? If so, set forth each and every fact which you rely upon in support of such contention, and identify the source of each such fact with specificity.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being premature to the extent that the Parties have not yet concluded Discovery.

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

Subject to and without waiving the foregoing objections, Gordon incorporates by reference the above Remarks and Objections to Definitions and states to refer to its responses to Interrogatories 13, 17, 19 and 20.

**INTERROGATORY NO 23:**
Identify, describe, and set forth by date, seller and trade channel all instances of infringement which you allege to give rise to the allegations of infringement and/or damages sought in this Action.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being overly broad to the extent that it seeks 'all instances of infringement' and for being premature to the extent that the Parties have not concluded Discovery.

Subject to and without waiving the foregoing objections, Gordon states that the unauthorized goods shown in Plaintiff's Complaint – Beskar and Emoly – have been available through Amazon since as early as November 25, 2020 and March 2, 2021 respectively. Other instances of infringement – include but are not limited to – Product Choices available through Amazon since as early as November 25, 2020 and Mars available through Amazon since as early as September 20, 2022.

**INTERROGATORY NO. 24:**
Identify all individuals Plaintiff intends to call as a witness in connection with any hearing or trial in this action, whether by live testimony, deposition testimony, affidavit or otherwise, and state the subject matter on which each person is expected to testify.

**RESPONSE:**
Gordon objects to the foregoing interrogatory for being premature to the extent that the Parties have not concluded Discovery.

Subject to and without waiving the foregoing objection, Gordon states that the Parties identified in its November 8, 2022 Rule 26(a) Disclosure may be called as a witness in connection with any hearing or trial in this action.

**INTERROGATORY NO. 25:**
Identify each person who provided answers or otherwise assisted in the preparation of answers to the foregoing Interrogatories, specifying the information which he or she provided.

**RESPONSE:**
Gordon states that Ken Rakusin, Gordon Brush Mfg. Co., Inc. – President and CEO provided answers to Interrogatory Nos. 1-25 and Leon G. Rendeiro Jr., counsel for Gordon otherwise provided objections to and assisted in its preparation.

DocuSign Envelope ID: 266E1098-16EB-489D-9FC1-41B768F78162

Dated: April 6, 2023

Respectfully submitted,
*/s/ Leon G. Rendeiro Jr.*
Leon G. Rendeiro, Jr.
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
Fort Myers, FL 33902
lee.rendeiro@henlaw.com
Phone: 239.344.1517
FBN – 1009360
*Attorney for Plaintiff – pro hac vice*

## VERIFICATION

I, Ken Rakusin, declare under penalty of perjury that I have read the foregoing and know the contents thereof. I have personal knowledge as to certain of the matters alleged therein, and as to those I hereby certify and declare that the same are true and accurate. As to those matters alleged of which I do not have personal knowledge, I have been informed by other personnel and/or counsel that the matters stated therein are true, and on that basis I certify and declare that the same are true and correct to the best of my knowledge.

Dated: 4/6/2023

By: *ken Rakusin*
2143C767AE724A6...

Name: Ken Rakusin

Title: President and CEO

## CERTIFICATE OF TRANSMITTAL

I hereby certify that on April 7, 2023, a true copy of the foregoing was served upon

interested counsel via email.

/s/ *Leon G. Rendeiro Jr.*

Leon G. Rendeiro Jr. – 1009360

## SERVICE LIST

Jacob R. Zissu
Clausen Miller P.C.
28 Liberty Street, 39th Floor
New York, NY 10005
Tel. (212) 805-3900
jzissu@clausen.com
Attorney for Defendant